

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*James I. Hammond*
*Special Assistant United States Attorney*
*james.hammond@usdoj.gov*

*36 South Charles Street*
*Suite 400*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4952*
*MAIN: 410-209-4800*

January 19, 2024

The Honorable Brendan A. Hurson
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

  Re: ***United States v. Norman Forrest***
    ***Criminal No. BAH-22-035***

Dear Judge Hurson:

  The Government submits this sentencing recommendation in advance of the sentencing hearing in the above-captioned matter, currently scheduled for Friday, February 2, at 10:00 a.m. Norman Forrest ("Defendant") pled guilty to Counts One and Two of the indictment in this case, charging him with Conspiracy to Distribute and Possess with Intent to Distribute forty grams or more of fentanyl, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute forty grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), respectively. As set forth more fully below, the Government requests that the Court accept the Rule 11(c)(1)(C) agreement and sentence the Defendant to 96 months of incarceration.

**Sentencing Guidelines Calculation**

  The Government adopts the findings of the Presentence Report ("PSR"), which accurately reflects the Defendant's base offense level of 32 and a criminal history category of I based on zero points. Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The Government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. Therefore, the PSR also accurately reflects that the adjusted offense level is 29.

  The applicable guideline range for this offense level and criminal history category is 87-108 months. As noted in the plea agreement, the parties will recommend a sentence of 96 months imprisonment. As further discussed below, the Government believes that this sentence is reasonable under the factors set forth in 18 U.S.C. § 3553(a).

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I.   <u>The Nature and Circumstances of the Offense (a)(1)</u>

The Defendant and his co-conspirators maintained a drug lab in northwest Baltimore. Law enforcement recovered guns, drugs, and cash from nearly every room of a two-story, three-bedroom home, including the basement. There was so much particulate matter in the air upon execution of the search warrant that a hazmat team had to clear the home.

Once the home was cleared and the literal dust had settled, it became very clear that the Defendant and his co-conspirators were producing and distributing drugs, particularly counterfeit pills which were misrepresented as other substances, such as the 386 blue pills stamped M30. These pills would normally be identified as oxycodone based on their size, shape, color, and markings, but these pills contained fentanyl instead. The Court is well aware of the dangers of fentanyl, particularly when one believes they are ingesting what they believe to be oxycodone, but unknowingly overdose from fentanyl.

It was clear this manufacturing was taking place primarily in one of the upstairs bedrooms based on the items recovered from that room, including an electric pill press with residue, pill press parts, a heat seal machine, heat seal bags, packaging material, sifters, digital scales, plastic tubs filled with over a kilo of white powder and over 1,000 pills awaiting to be turned into counterfeit pills. Drugs recovered in that room included copious amounts of fentanyl, fentanyl precursor, heroin, cocaine, eutylone ("molly"), and methamphetamine.

There were guns and pills stashed in the couch in the living room. There were pills in the dining room. There were drugs in the kitchen. There were pills, drugs, numerous guns, and over 200 rounds of ammunition found in the primary bedroom where Forrest and one of his co-conspirators resided. There were another nine guns, more fentanyl, heroin, molly, hundreds of pills, more digital scales, sifters, and forty jigs and a drill press used to make privately made firearms all throughout the basement where another co-conspirator was found.

To aggravate things further, all of this took place while two children, ages 10 and 14, were living in the third bedroom under the care of the Defendant and one of his co-conspirators—right in the middle of a drug lab and an armory.

Although the Defendant has taken responsibility for his actions, there is no doubt that his conduct was obviously dangerous. The Defendant exposed himself, his co-conspirators, the children, and the community to immeasurable harm. Taking into account the seriousness of such of the offense, the Government believes that a total sentence of 96 months imprisonment is warranted and sufficient.

II.     <u>The History and Characteristics of the Defendant (a)(1)</u>

The Defendant has no prior criminal history in which the Government is aware and has worked primarily in the security field for most of his adult life. While the severity of the penalties that the Defendant *could* have faced in this case is significant, given the aggravating factors of the offense and the Defendant's criminal conduct to date, a total sentence of 96 months incarceration is appropriate and is sufficient to obtain the objectives of 18 U.S.C. § 3553(a).

III.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (a)(2)</u>

At forty-one years of age, a scant criminal record, and a history of working public and private security, the Government is at a loss as to how the Defendant found himself in this situation. Large amounts of drugs, guns, and cash stored in the home is an all-too-common cocktail for serious danger in a city plagued by overdoses and gun violence. The Defendant put his family and community in an extreme risk of danger. The sentence sought by the Government reflects that seriousness.

The Defendant's conduct, in combination with his character and history, is adequately reflected by a total sentence of 96 months' imprisonment. Such a sentence is sufficient to provide both a general deterrent and specific deterrent effect while simultaneously protecting the public.

The Government is hopeful that this term of incarceration, followed by a period of supervised release, will afford adequate deterrence of future criminal conduct and end the criminal path of the Defendant. Considering all the factors set forth above, the Government requests the Court to accept the plea agreement and impose a sentence of 96 months to the Bureau of Prisons. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Erek L. Barron
United States Attorney


_____/S/_____
By:     James I. Hammond
Special Assistant United States Attorney

cc:     David Walsh-Little, Esq.
Adam E. Smith, USPO
Nikki M. Martin, USPO

3