LNE 7.6.24
JIH:USAO#2021R00411

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. BAH-22-035-02** |
| | * | |
| **LATOYAH MCCOY,** | * | **(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846; Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. 841; Forfeiture, 21 U.S.C. § 853)** |
| **Defendant.** | * | |

USDC- BALTIMORE
'24 AUG 21 PM 12:02

\*\*\*\*\*\*\*

## SUPERSEDING INFORMATION

### COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)

The United States Attorney for the District of Maryland charges that:

From in or about April 2021, and continuing through in or about June 29, 2021, in the District of Maryland, the Defendant,

### LATOYAH MCCOY,

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with others known and unknown to the Government to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a schedule II controlled substance in violation of Title 21, United States Code Section 841.

21 U.S.C. § 846

<u>**COUNT TWO**</u>
**(Possession with Intent to Distribute a Controlled Substance)**

The United States Attorney for the District of Maryland further charges that:

On or about June 29, 2021, in the District of Maryland, the Defendant,

**LATOYAH MCCOY,**

did knowingly, intentionally, and unlawfully possess with the intent to distribute a mixture or

substance containing a detectable amount of fentanyl, a schedule II controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## FORFEITURE

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States of America will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the Defendant's conviction.

2.      Pursuant to 21 U.S.C. § 853(a), upon conviction of any offense(s) alleged in Counts One or Two in this Indictment, the Defendant shall forfeit to the United States of America:

      a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s), and

      b.      any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

3.      Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture above.

## Property Subject to Forfeiture

4.  The property to be forfeited includes, but is not limited to, the following:

      a.      approximately $3,192.00 seized from the 825 Lenton Avenue, Baltimore City, MD;

b.      a GS GT6 .22 LR rifle, with no serial number visible;

c.      a Polymer 80 9mm handgun;

d.      a RG firearms model 26, .25 ACP caliber handgun with serial number U036570;

e.      a disassembled Springfield 1911 .45 ACP handgun, serial number 45581,

f.      a North American Arms, "Companion", .22 caliber revolver serial number U7692;

g.      a Polymer 80 incomplete handgun including a lower receiver and slide;

h.      a Glock model 32C, .357 SIG caliber handgun, bearing serial number LKP950;

i.      a Glock model 27, .40 S&W caliber handgun, bearing serial number EEA771US, with an extended magazine;

j.      a Smith & Wesson model SW40VE, .40S&W caliber handgun, bearing serial number DVR9070;

k.      a Smith & Wesson model SD9VE, 9mm Luger handgun, bearing serial number FCN7855;

l.      a Taurus model Curve, .380 Auto caliber handgun, bearing serial number 1D138672;

m.      a Masterpiece Arms, Inc., model Defender-MPA30T, bearing serial number FX21060;

n.      a Freedom Ordnance, model FX-9, 9mm Luger handgun bearing serial number 041737;

o.      a Mossberg model 590, 12 Gauge shotgun, bearing serial number V1141018, a Polymer 80 9mm handgun, bearing no serial number;

p.      approximately 15 cartridges of .357 caliber ammunition;

q.      31 cartridges of .40 caliber ammunition;

r.      260 cartridges of 9mm ammunition;

s.      six cartridges of .380 Auto ammunition;

t.      4 cartridges of .22 caliber ammunition, and three shotgun shells.

21 U.S.C. § 853

__08/20/2024_____

Date

Digitally signed by
JAMES HAMMOND
Date: 2024.08.20
17:03:05 -04'00'

_____
Erek L. Barron
United States Attorney